UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ANDRES NEWMAN MOLINA,

    Petitioner,

v.

MARKWAYNE MULLIN, et al.,[1]

    Respondents.

No. 6:26-CV-037-H

## ORDER

Earlier this year, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Andres Newman Molina, a native and citizen of Venezuela, is one such alien, having illegally entered the United States five years ago. His habeas petition, filed just before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Administrative Procedure Act and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Newman Molina's due process claim is the only remaining non-foreclosed issue. But procedural due process does not afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Newman Molina are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is

---

[1] Markwayne Mullin, the United States Secretary of Homeland Security, is automatically substituted for his predecessor, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

more than sufficient process so far as the Due Process Clause is concerned.  Therefore, the petition (Dkt. No. 1) is denied.

## 1.    Background

In 2021, Newman Molina illegally entered into the United States.  Dkt. No. 12 at 2. Newman Molina was soon placed into removal proceedings with a Notice to Appear.  *Id.*; *see also* Dkt. No. 13 at 4.  The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  Dkt. No. 13 at 4; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  In 2025, his temporary protected status expired, and he was taken into DHS custody later that year.  Dkt. No. 12 at 3; *see also Mullin v. Doe*, Nos. 25-1083 & 25-1084, 609 U.S. \_\_\_, 2026 WL 1825840 (June 25, 2026) (holding that the TPS statute precludes judicial review of all non-constitutional claims).

Although Newman Molina requested a bond hearing, he states that abrupt ICE transfers have prevented him from getting a meaningful opportunity to obtain one.  Dkt. No. 1 ¶¶ 33–34.  Accordingly, Newman Molina filed a petition for a writ of habeas corpus. *Id.*  The petition states three claims for relief.  Newman Molina's first two claims allege that the revocation of his release and subsequent detention and transfers violate the APA.  *Id.* ¶¶ 43–55.  His third claim contends that the revocation of his release and subsequent detention violates his right to procedural due process.  *Id.* ¶¶ 56–60.

The Court ordered the respondents to show cause why Newman Molina's petition should not be granted. Dkt. No. 7; *see* 28 U.S.C. § 2243. The respondents timely answered (Dkt. Nos. 12; 13), though Newman Molina did not file a reply.[2]

Three days after Newman Molina filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 754 (N.D. Tex. 2026)).

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533

---

[2] Although Newman Molina is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma, the Court retains jurisdiction because "jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Smith v. Fleming*, No. 4:02-CV-440, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002).

U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Newman Molina raises three claims in his habeas petition—two involving the APA, and another based on the Fifth Amendment's Due Process Clause. Dkt. No. 1 ¶¶ 43–60. As explained below, even assuming they were cognizable in habeas, *Buenrostro-Mendez* forecloses Newman Molina's APA claims. Thus, the only claim left for consideration is Newman Molina's due process claim. The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[3] Even so, the Court considers the arguments raised in Newman Molina's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no.

### A.    *Buenrostro-Mendez* forecloses Newman Molina's APA claims.

To start, Newman Molina's APA claims fail because they are not cognizable in habeas. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a*

---

[3] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

*court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). Because Newman Molina requests habeas relief as the remedy for his APA claims, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA. Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)). The APA thus does not provide for judicial review of his claim.

Further, Newman Molina is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Newman Molina is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, even if they were cognizable in habeas, Newman Molina's APA claims would be foreclosed by binding Fifth Circuit precedent because they rely on a contrary construction of Sections 1225 and 1226.[4]

---

[4] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.3.

**B.    The Due Process Clause does not require the government to give Newman Molina a bond hearing.**

Next is Newman Molina's claim that his re-detention violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 56–60. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Newman Molina's arguments. He devotes only a few sentences to this claim, arguing that the respondents "have chosen to revoke [his] release in an arbitrary manner and not based on a rational and individualized determination of whether he is a safety or flight risk, in violation of due process." *Id.* ¶ 60. "Because no individualized custody revocation has been made and no circumstances have changed to make [him] a flight risk or a danger to the community," he argues, the respondents' "revocation of [his] release violates his right to procedural due process." *Id.* But he is not entitled to relief.

As an "applicant for admission," Newman Molina has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of

the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Newman Molina is not entitled to a bond hearing as a matter of procedural due process.[5]

### 4.    Conclusion

In short, Newman Molina, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. Neither the APA nor the Due Process Clause require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied, and Newman Molina's pro se motion requesting that the Court transfer this case to the Western District of Oklahoma (Dkt. No. 15) is denied as moot.

So ordered on July 27, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[5] The Court recognizes that a Fifth Circuit panel recently came to a contrary conclusion when addressing alleged Due Process violations. *See Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 1906557 (5th Cir. July 2, 2026). But because the full Fifth Circuit granted rehearing en banc, that panel's opinion has been vacated. *See* Nos. 26-50183, 26-50219, 26-50221, Dkt. Nos. 174; 176 (5th Cir. July 10, 2026). "[T]hus the opinion is not binding precedent." *Munn v. City of Ocean Springs*, 763 F.3d 437, 441 n.2 (5th Cir. 2014). For the reasons discussed above, the Court is not persuaded by *Sosnava Rodriguez*.